UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR,

          Plaintiff,

v.

CHERYL STRANGE, *et al.*,

          Defendants.

CASE NO. 3:22-cv-05464-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 15, 2022

This matter is before the Court on referral from the district court and on plaintiff's application to proceed *in forma pauperis* ("IFP"). Dkt. 1.

Plaintiff, a Washington prisoner who is well-known locally and nationally as an abusive litigant, is seeking to proceed IFP so that he may bring an action against various state officials related to the conditions of his confinement. *See* Dkt. 1-1, at 3. In his proposed complaint, he challenges defendants' handling of the COVID-19 pandemic during his incarceration, asserting that he is in imminent danger of physical harm from contracting COVID-19, among other allegations. *See generally* Dkt. 1-1.

As a bar order litigant, plaintiff may submit only three IFP applications and proposed

1   actions each year.  *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992);

2   *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

3   Plaintiff has reached his limit for the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.*, 2:22-

4   cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-

5   BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

6          Plaintiff asserts that he is in imminent danger of harm, but the bar order is clear that it

7   applies with no exception for allegations of imminent danger after plaintiff has submitted three

8   actions in a year.  *See* Report and Recommendation at 2 n.1 (Dkt. 2), *Demos v. Inslee et al.*, 3:20-

9   cv-05271-RBL-DWC (W.D. Wash. April 8, 2020) (summarizing the applicable bar orders),

10  *adopted by* Order (Dkt. 4) (May 15, 2020).

11         Plaintiff's claims should accordingly be dismissed without prejudice.  Any pending

12  motions should be denied as moot, and the case should be closed.

13         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

14  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

15  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

16  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

17  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

18  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

19  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 15, 2022,**

20  as noted in the caption.

21         Dated this 30th day of June, 2022

                                                                J. Richard Creatura
                                                                Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2