UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR, <br><br> Plaintiff, <br><br> v. <br><br> CHERYL STRANGE, *et al.*, <br><br> Defendants. | CASE NO. 3:22-cv-05464-TL-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: September 2, 2022 |

This matter is before the Court on referral from the district court and on plaintiff's application to proceed *in forma pauperis* ("IFP"). *See* Dkt. 1.

**BACKGROUND**

On June 23, 2022, plaintiff, a Washington prisoner who is well-known locally and nationally as an abusive litigant, filed an application to proceed IFP so that he may bring an action against various state officials for their handling of the COVID-19 pandemic during his incarceration. *See* Dkts. 1; 1-1. Plaintiff alleges that the risk of contracting COVID-19 for a

1  fourth time places him in imminent danger. *See* Dkt. 1-1, at 6. Plaintiff seeks monetary damages
2  as well as declaratory and injunctive relief. *See id.* at 15.

3      On June 30, 2022, this Court screened plaintiff's proposed complaint and recommended
4  that his claims be dismissed without prejudice because he had surpassed his bar order cap of
5  three actions per year. *See* Dkt. 2 at 2. On July 8, 2022, plaintiff objected to the Court's report
6  and recommendation on the ground that the bar orders cannot trump his right to plead imminent
7  danger pursuant to 28 U.S.C. § 1915(g). *See* Dkt. 3 at 2. On August 3, 2022, the Honorable Tana
8  Lin issued an order sustaining plaintiff's objection and found that the bar orders limiting plaintiff
9  to three actions per year do not apply to subsequent applications if plaintiff plausibly pleads
10 imminent danger and meets all other procedural requirements. *See* Dkt. 4 at 3. Judge Lin
11 returned the matter to the undersigned for further consideration of whether the imminent danger
12 exception applies and whether plaintiff met all other procedural requirements. *See id.*

## DISCUSSION

14     Plaintiff is subject to pre-filing bar orders in this district due to his abuse of the judicial
15 system. *See In re John Robert Demos*, MC91-269-CRD, Dkt. 1 (W.D. Wash. Jan. 16, 1992)
16 ("1992 Bar Order"). The 1992 Bar Order provides that this Court "will not consider more than
17 three [IFP] applications in any calendar year" and that "[a]ny fourth or successive application by
18 [plaintiff] to proceed [IFP] will not be filed, acknowledged, or returned." *Id.* at 2. The 1992 Bar
19 Order also states that any complaints, whether accompanied by a filing fee or an IFP application,
20 "will not be accepted for filing unless the complaint is accompanied by an affidavit that the
21 claims presented have not been presented in any other action in any court and that [plaintiff] can
22 and will produce evidence to support his claims." *Id.* at 3. Alongside the 1992 Bar Order is
23 U.S.C. § 1915(g), which prohibits plaintiff from bringing any actions (including the three
24

allowed by the 1992 Bar Order), unless plaintiff is under imminent danger of serious physical injury.

Plaintiff has far surpassed his three-filing limit by filing more than 50 actions in this district since the beginning of the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.,* 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022). However, Judge Lin construes the 1992 Bar Order to include an imminent danger exception, which allows plaintiff to surpass the number of IFP applications allowed under the 1992 Bar Order if he complies with the rest of the procedural requirements. *See* Dkt. 4 at 3 (citing *Demos v. Holbrook*, 848 Fed. Appx. 779 (9th Cir. 2021) ("While the contempt order does not specify an 'imminent danger' exception, and pre-dates the Prison Litigation Reform Act, the district court seems to have construed the contempt order to include such an exception.")). After further review consistent with Judge Lin's order, this Court recommends that plaintiff's action be dismissed because plaintiff failed to follow the requirements of the 1992 Bar Order.

The 1992 Bar Order requires plaintiff to submit an affidavit stating that the claims presented have not been presented in any other action in any court and that plaintiff can and will produce evidence to support his claims. Plaintiff filed an affidavit in this matter that is deficient as to both requirements. First, plaintiff's affidavit does not state that he can and will produce evidence to support his claims. *See* Dkt. 1-1, at 16. More importantly, plaintiff states in his affidavit, under penalty of perjury, that his issues are new and have never before been presented in any other court and are "not identical" to any that he has raised before. Dkt. 1-1 at 16. Those statements are demonstrably false.

1     On the same day that plaintiff filed this action, he filed an earlier action with an identical proposed complaint that has since been dismissed by the district court. *See Demos v. Strange, et al.*, 3:22-cv-05463-DGE, Dkts. 1-1, 2, 4 (W.D. Wash. 2022). Plaintiff has also attempted to bring several actions in this district alleging mishandling of the COVID-19 pandemic during his incarceration and none of those actions have been allowed to proceed. *See, e.g.*, *Demos v. Martin, et al.*, 3:21-cv-05679-RSL, Dkts. 1, 2, 4 (W.D. Wash. 2021); *Demos v. Rongen, et al.*, 3:21-cv-05682-TSZ, Dkts. 1-1, 2, 4 (W.D. Wash. 2021); *Demos v. Strange, et al.*, 3:22-cv-05084-DGE, Dkts. 1-1, 4, 6 (W.D. Wash. 2022); *Demos v. United States, et al.*, 3:22-cv-05266-LK, Dkts. 1-1, 2, 4 (W.D. Wash. 2022).

    Plaintiff has not satisfied the requirements of the 1992 Bar Order and appears to have violated Rule 11 of the Federal Rules of Civil Procedure by misrepresenting his litigation history. *See Thibodeaux v. White*, No. 3:19-cv-05134-RBL-DWC, 2019 WL 2344080, at *2 (W.D. Wash. May 7, 2019) ("Misrepresenting litigation history may warrant sanctions under Rule 11.") (citations omitted); *see also Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (remanding to the district court to determine whether a *pro se* litigant's alleged false statement that "he had never filed a federal or state lawsuit concerning his alleged assault by the [prison cook]" warranted sanctions under Rule 11).

**CONCLUSION**

    Accordingly, the Court recommends that plaintiff's claims be dismissed without prejudice and that any pending motions be denied as moot.

    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

REPORT AND RECOMMENDATION - 4

1  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

2  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

3  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

4  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 2,**

5  **2022,** as noted in the caption.

6        Dated this 18th day of August, 2022.

                                    _____
                                    J. Richard Creatura
                                    Chief United States Magistrate Judge